UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**ANDREW DIXON** : **DOCKET NO. 21-cv-01943**
**REG. # 17813-021** **SECTION P**

**VERSUS** : **JUDGE JAMES D. CAIN, JR.**

**S. MA'AT** : **MAGISTRATE JUDGE KAY**

**REPORT AND RECOMMENDATION**

Before the court is a *pro se* petition for writ of habeas corpus filed under 28 U.S.C. § 2241 by Andrew Dixon who is an inmate in the custody of the Bureau of Prisons and is currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana. This matter is before us for initial review under 28 U.S.C. § 636 and the standing orders of this court.

**I.**
**BACKGROUND**

On December 6, 2012, a grand jury in United States District Court for the Southern District of Georgia charged Dixon with participating in a conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846 (Count One); possessing cocaine base with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Count Two); possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Three); and possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count Four). *United States v. Dixon*, No. 5:12-cr-00018, doc. 1 (S.D. Ga. Dec. 6, 2012). On July 8, 2013, Dixon pleaded guilty to Counts Two and Three, possession of cocaine base and possessing a firearm as a convicted felon,

respectively. *Id*. at doc. 54. On March 7, 2014, Dixon was sentenced to 188 months of imprisonment. *Id*. at doc. 78.

Dixon filed a direct appeal to the United States Court of Appeals for the Eleventh Circuit where, for the first time, he challenged his designation as an armed career criminal under the ACCA. *Id*. at doc. 79. The Eleventh Circuit rejected Dixon's arguments and affirmed his sentence. *Id*. at doc. 105.

Dixon filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on July 21, 2015, attacking his classification as an armed career criminal, arguing that his conviction for felony obstruction of a law enforcement officer no longer qualifies as a "violent felony" under the ACCA following the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Id*. at docs. 111, 134. The Court denied same on March 30, 2018. *Id*. at doc. 141.

On May 18, 2021, Dixon filed a second Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, arguing that he is innocent, under the Untied State Supreme Court's ruling in *Rehaif v. United States*, 139 S.Ct. 1291 (June 21, 2019). *United States v. Dixon*, No. 5:21-cv-00035, doc. 1 (S.D. Ga., May 18, 2021). This motion is still pending in the Southern District of Georgia.

Dixon now brings the instant petition for habeas relief under 28 U.S.C. § 2241, asserting that he is entitled to be resentenced without the ACCA enhancement, following the United States Supreme Court's ruling in *Borden v. United States*, 141 S. Ct. 1817 (2021).

## II.
## LAW & ANALYSIS

### A. Screening of Habeas Corpus Petitions

A district court may apply any and all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. Section 2241

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Dixon alleges an error with sentencing. Such attacks are generally limited to a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). A § 2241 petition is properly construed as a § 2255 motion if it seeks relief based on errors that occurred at trial or sentencing. *Tolliver*, 211 F.3d at 877–78. Habeas relief based on a collateral attack to a federal conviction is only appropriate under § 2241 if the petitioner can satisfy § 2255's "savings clause."

The savings clause of 28 U.S.C § 2255 permits a petitioner to seek *habeas* relief under § 2241 when the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "A § 2241 petition is not, however, a substitute for a motion under § 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). The fact that a prior motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. *Id.* Instead, the petitioner must demonstrate the following to satisfy § 2255's savings clause: (1) that his claim is based on a retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense, and (2) that his claim was foreclosed by circuit law at the time when it should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 903–04 (5th Cir. 2001).

In the petition before this Court, Dixon relies on *Borden v. United States, supra*, maintaining that his sentence should be vacated for resentencing without the ACCA enhancement. Doc. 4, p. 6. As the Fifth Circuit has repeatedly emphasized, the savings clause only relates to "[conviction] of a nonexistent offense" – not to innocence of a sentencing enhancement. *Maddox v. Maye*, 455 Fed. App'x 435, 437 (5th Cir. 2011) (unpublished) (citing *Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000)). Dixon does not claim to be innocent of the federal convictions for which he is currently serving his sentence. Accordingly, he cannot satisfy the savings clause and this court is without jurisdiction to review his request for relief under § 2241. *See Jeffers*, 253 F.3d at 830–31; *Kinder*, 222 F.3d at 214. He should instead pursue relief by filing a § 2255 motion in the trial court based on a newly recognized constitutional right under § 2255(f)(3).

## III.
### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that this petition be **DENIED** and **DISMISSED WITH PREJUDICE**, for lack of jurisdiction.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 19th day of January, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE